# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-047** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TROY A. BEAM**, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 4th day of November, 2010, upon consideration of the motion (Doc. 42) filed by defendant Troy A. Beam ("Beam"), wherein Beam requests that the court exclude all employees of the United States government from the jury panel,[1] and it appearing that Beam argues that all individuals who receive income from the federal government have a direct financial interest in the outcome of a tax case such as the instant case, and are therefore inherently biased, and the court finding that, for many years, courts have rejected similar arguments,[2] and the court

---

[1] The pending motion focuses primarily on employees of the federal government, but Beam also uses some language encompassing a broader class of individuals, e.g., "anyone who lives on a regular check from the U.S. government," (Doc. 43 at 9).

[2] Beam concedes that federal employees should not automatically be excluded from juries in all federal criminal cases. This is certainly correct. See, e.g., Dennis v. United States, 339 U.S. 162, 164-67, 171-72 (1950) (upholding the rule that "Government employees are not disqualified as a matter of law from serving on a jury in a case to which the Government is a party" (citing Frazier v. United States, 335 U.S. 497 (1948); United States v. Wood, 299 U.S. 123 (1936))). Beam argues, however, that in light of the fact that the above-captioned case is a tax case, federal employees have a direct financial interest in the outcome, and they should be excluded on that basis. The court disagrees, and notes that other federal courts have declined to excuse all government employees from juries, even in tax cases. See, e.g., United States v. Lawson, 670 F.2d 923, 926 (10th Cir. 1982); United States

concluding that Beam has failed to show that employees of the federal government are necessarily unable to serve as fair and impartial jurors in the above-captioned case, and the court further concluding that bias should not be implied on the basis of government employment, but rather, individualized examination must be made to determine the ability of each prospective juror to be fair and impartial, see United States v. Calabrese, 942 F.2d 218, 223-24, 226 (3d Cir. 1991) (espousing a narrow view of implied juror bias, and reaffirming prior holdings that bias must be tested through voir dire and determined on an individualized basis), it is hereby ORDERED that the motion (Doc. 42) is DENIED. The court will, however, make inquiry as to individual bias on the part of any potential juror who is or was an employee of the federal government.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

v. Cheek, No. 87 CR 161, 1991 WL 287034, at *1 (N.D. Ill. Dec. 5, 1991). For the reasons discussed infra, the court will direct voir dire questions to prospective jurors who are or were employees of the federal government, to determine their perceived interest in the outcome of the case and their ability to serve as fair and impartial jurors, but it will not exclude government employees from the jury panel simply on the basis of their employment.