# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-047** |
| v. | : | **(Judge Conner)** |
| **TROY A. BEAM**, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 5th day of November, 2010, upon consideration of the motion (Doc. 48) filed by defendant Troy A. Beam ("Beam"), wherein Beam requests that the court order the government to refrain from appealing to the prejudice, emotion, or pecuniary interest of the jury during the trial, and it appearing that Beam argues that the court should prohibit the phrases "tax protestor" and "tax defier" as improper statements,[1] and that the court should direct the government to refrain

---

[1] Beam characterizes the phrase "tax protestor" as pejorative and prejudicial. Invoking Rule 403 of the Federal Rules of Evidence, he argues that the term "tax protestor" is not relevant evidence, and that any probative value it might have is substantially outweighed by the danger of unfair prejudice or misleading the jury. (Doc. 83 at 3). He also contends that the government "wants to skip its burden of proof . . . ." (Id. at 1). The court is not persuaded by this reasoning. In its instructions to the jury, the court will explain that arguments and statements of counsel are *not* evidence, and it will also explain the government's burden of proof. In light of these instructions, the court has no reason to conclude that prejudice or confusion would ensue if the government refers to the defendant as a "tax protestor" or a "tax defier." The court finds no basis to forbid the government from using terms that federal courts regularly use. See, e.g., United States v. McKee, 506 F.3d 225, 249 (3d Cir. 2007) ("[E]vidence of a tax protestor's activities and philosophies is admissible to prove willfulness."); United States v. Bell, 414 F.3d 474, 475 (3d Cir. 2005) (describing the defendant as "a professional tax protestor"); Paff v. Kaltenbach, 204 F.3d 425, 428 (3d Cir. 2000) (describing the activities of the appellants "and three other tax protesters"). Furthermore, the court notes that other circuit courts of appeal have permitted attorneys to use such terms during

from referring to such current events as the "war on terror" and the events of September 11, 2001 in order to appeal to the juror's emotions, and that the court should disallow argument intended to appeal to the juror's pecuniary interests, and it further appearing that the government argues that the phrases "tax protestor" and "tax defier" should be permissible, but that the government disavows any intention of making improper patriotic or pecuniary appeals to the jurors,[2] it is hereby ORDERED that the motion (Doc. 48) is GRANTED in part and DENIED in part as follows:

1. The motion (Doc. 48) is GRANTED insofar as it seeks to prohibit the government from appealing to the jurors' feelings of patriotism through specific references to the "war on terrorism" or the events of September 11, 2001. See United States v. Cotter, 425 F.2d 450, 452-53 (1st Cir. 1970) ("There is a difference between reminding jurors that the payment of taxes is essential to the conduct of government, and selecting some single matter especially provocative of emotion.").

---

trial. See, e.g., United States v. Bergman, 813 F.2d 1027, 1029 (9th Cir. 1987) (finding that "tax protestor" is "permissible shorthand" to refer to the defendant's activities); United States v. Turano, 802 F.2d 10, 12 (1st Cir. 1986) (same).
    Beam observes that, in § 3707 of the Internal Revenue Service Restructuring and Reform Act of 1998, Congress directed the IRS to discontinue the practice of designating taxpayers as illegal tax protesters and shall remove such designations made previously from the taxpayer's individual master file. (Doc. 49 at 1-2; Doc. 83 at 1). This observation is correct, but it does not compel the court to conclude that the phrase "tax protester" must no longer be used in argument at trial, and the court declines to so conclude. Therefore, Beam's motion will be denied with respect to this issue.

    [2] The government expresses its intention to introduce other evidence and arguments on related issues, but it states that it "has no intention of attempting to inflame the passion of the jury with references to September 11, 2001," (Doc. 70 at 3), or "arguing that defendant's tax money was necessary for the war on terrorism[,]" (id. at 4), or "mak[ing] any improper appeal to the pecuniary interests of the jury." (Id.)

2. The motion (Doc. 48) is GRANTED insofar as it seeks to prohibit the government from appealing to the pecuniary interests of the jurors through references to their taxes. See United States v. Palma, 473 F.3d 899, 902 (8th Cir. 2007) ("Remarks invoking the individual pecuniary interest of jurors as taxpayers are universally viewed as improper."); see also United States v. Smyth, 556 F.2d 1179, 1185 (5th Cir. 1977) (characterizing the statement "that's your tax money being kicked in here" as a "highly improper appeal to the passion and prejudices of the juror").

3. The motion (Doc. 48) is DENIED in all other respects.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge