# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:10-CR-047 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TROY A. BEAM**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 15th day of November, 2010, upon consideration of the motion (Doc. 62) filed by defendant Troy A. Beam ("Beam"), wherein Beam requests that the court dismiss all counts of the indictment, and it appearing that Beam argues that he is unable to determine any tax due and owing under the law for the years 1992-1998 and 2003-2006,[1] and the court finding that the duty to file an income tax return and pay taxes is triggered by the Internal Revenue Code, see 26 U.S.C. §§ 1, 6001, 6011, 6012 and 7203, not from tax rate tables, and the court noting that Beam has not cited any legal authority to support the proposition that the precise amount of tax owing "must be calculated from some tax rate table having

---

[1] Beam asserts that if tax rate tables do not have "the force and effect of law[,]" then "any taxes allegedly 'due and owing' . . . were not lawfully owed by Beam." (Doc. 63 at 2). Beam then proceeds to argue that the tax rate tables set forth in the Internal Revenue Code, did not apply in the years 1992-1998 and 2003-2006. According to Beam, the Secretary of the Treasury was directed to prescribe tables in those years, see 26 U.S.C. § 1(f)(1), but he "failed to promulgate and publish them in the Federal Register so that [they] would have the force and effect of law." (Id.) Beam cites the requirement contained in the Administrative Procedure Act ("APA") that regulations implementing substantive rules of law must be promulgated under a procedure which includes publication in the Federal Register. Beam concludes that, because tax rate tables were not published in the Federal Register, "there was no tax lawfully 'due and owing' in this case, and all counts of the indictment must be dismissed." (Id. at 9).

the force and effect of law[,]" (Doc. 63 at 2), and, in the absence of any such authority,[2] the court concluding that the law plainly and unambiguously imposed upon Beam a duty to pay taxes for each of the years in question, see also Kahn v. United States, 753 F.2d 1208, 1222 n.8 (3d Cir. 1985) (discussing a similar claim that, under 5 U.S.C. § 552, the IRS was required to publish certain interpretive guidelines in the Federal Register, and finding this argument to be "totally devoid of merit," not only because the rules at issue were interpretive rather than substantive, but also because "the assessment of [the tax penalty] is only the direct

---

[2] It is the provisions of the Internal Revenue Code, and not the tax tables, that create the duty to pay taxes. The court is not persuaded by Beam's reading of 26 U.S.C. § 1. In years past, § 1 imposed income taxes in accordance with tables set forth in § 1(a), (b), (c), (d), and (e). However, § 1(f)(1) clearly states that, in calendar years subsequent to 1993, tables prescribed by the Secretary "shall apply in lieu of the tables contained in subsections (a), (b), (c), (d), and (e)[.]" Beam argues that, because "there has been no lawfully promulgated and published rule or regulation prescribing tax rate tables for § 1(a)-(e) since 1981, then . . . § 1 must be read thusly: 'There is hereby imposed . . . a tax determined in accordance with the following table: None[.]'" (Doc. 91 at 3). The court does not agree that § 1 must be read in this manner. Congress stated in § 1 that the Secretary's tables "shall apply," and thereby incorporated the tables prescribed by the Secretary into the law. See also United States v. Clayton, 506 F.3d 405, 410 (5th Cir. 2007) (holding that the statutes triggering tax liability may incorporate other provisions by reference); United States v. Bowers, 920 F.2d 220, 223 (4th Cir. 1990) ("To reverse [defendants'] convictions, we would have to conclude that (i) the statutes provided no notice of the obligation to pay income taxes, (ii) the IRS forms and offices are secret . . . , (iii) the [defendants] somehow forgot about the forms and offices after filing their 1979 return, and (iv) all of this secrecy and forgetfulness would be rectified by printing a notice in a publication read by, and perhaps even known to, only a handful of the population.").

application of the plain terms of the statute supported by unambiguous legislative history"), it is hereby ORDERED that the motion (Doc. 62) is DENIED.

                                                                          <u>S/ Christopher C. Conner</u>
                                                                          CHRISTOPHER C. CONNER
                                                                          United States District Judge