# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:10-CR-047 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TROY A. BEAM**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 17th day of November, 2010, upon consideration of the motion (Doc. 64) filed by defendant Troy A. Beam ("Beam"), wherein Beam requests that the court dismiss all counts of the indictment, and it appearing that Beam argues that the Internal Revenue Code fails to "Plainly and Clearly Lay" a tax on him,[1] and the court finding that the Internal Revenue Code does impose a duty to file an income tax return and pay taxes, and that it imposes said duty on all individuals who earn a threshold amount of income, see 26 U.S.C. §§ 6012 and 6151,

---

[1] Beam contends that 26 U.S.C. § 1 "imposes a tax on the taxable income of certain individuals[,]" but it "does not designate anyone as liable for the payment of the tax." (Doc. 65 at 3). According to Beam, "[t]he imposition of the tax is on taxable income, only, not on any person or entity." (Id.) Beam insists that "[t]he absence, or near absence, of a statutory provision specifying exactly who is liable for a tax imposed is not customary. Numberous [sic] sections of the code specifically name the liable part[y]." (Id. at 5). He observes five instances in which a person or entity is assigned income tax liability: "partners, certain large partnerships, foreign corporations, withholders of taxes on nonresident aliens and foreign corporations[,] and those employers required by Chapter 24 of Subtitle C to withhold taxes on employees." (Id. at 4). Beam argues that, because he does not fall within one of these five categories, the tax laws do not impose income tax liability on him, and he further argues that the clear meaning of the statutes' language cannot be extended by implication. (Id. at 6).

see also §§ 1, 6001, 6011, and 7203,[2] and the court concluding that Beam's arguments in support of his motion are entirely meritless, it is hereby ORDERED that the motion (Doc. 64) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[2] Beam's conclusion that the income tax law imposes tax liability only on five narrow categories of people or entities is frivolous. 26 U.S.C. § 6012(a)(1)(A) requires that tax returns shall be made by "[e]very individual having for the taxable year gross income which equals or exceeds the exemption amount," with certain exceptions not relevant here. Moreover, 26 U.S.C. § 6151(a) provides that "when a return of tax is required . . . , the person required to make such return shall . . . pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return."