IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:10-CR-047 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TROY A. BEAM**, | : | |
| | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 1st day of April, 2011, upon consideration of the motion (Doc. 140) filed by the government, wherein the government requests that the court enter a protective order directing defendant Troy A. Beam ("Beam") and his attorney not to disclose or display to any third party the discovery materials produced by the government in the above-captioned case, except to use them at trial and sentencing in the above captioned case, and it appearing that the government has produced sensitive and confidential information to Beam and his attorney, and that the government anticipates the production of additional confidential information, including information concerning "a matter occurring before the grand jury[,]" see FED. R. CRIM. P. 6(e) (identifying persons who "must not disclose a matter occurring before the grand jury"), and it further appearing that the public has no right to access the materials at issue, and the court finding good cause for the entry of the requested protective order, see FED. R. CRIM. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."), and the court noting that Beam has expressed an intention to use the materials only in connection with

the above-captioned case, and that Beam has disavowed any intention of using them for any other purpose, (see Doc. 149), it is hereby ORDERED that:

1. The motion (Doc. 140) for a protective order is GRANTED.

2. The government is authorized to provide disclosures to defendant of information which constitutes "return" and "return information," as those terms are defined in 26 U.S.C. § 6103(b).

3. The government is authorized to disclose to defendant the contents of witness interview memoranda which reveal the identity of current and former grand jury targets and subjects, and other matters occurring before the grand jury.

4. A Protective Order is hereby entered prohibiting defendant Beam, defense counsel, and anyone assisting them, from disclosing the following to any person:

    a. Matters occurring before the grand jury, including the status of any individual as a current of former grand jury target,

    b. Returns or return information within the meaning of 26 U.S.C. § 6103(b), and

    c. Any personal identifying information of third parties.

    Provided, however, that defendant Beam and defense counsel may make such use of the discovery materials produced by the government in the above-captioned case as is necessary to prepare for trial and for use in connection with the above-captioned case (e.g., at trial, in post-trial motions, and at sentencing). Defendant Beam and/or defense counsel may display a protected item to a witness or other person, or discuss such an item with such a person, in the course of preparing for trial, the filing of any post-trial motion, or sentencing. Neither defendant Beam nor defense counsel may provide that person with a copy of the item, unless prior authorization is given by this Court. Defense counsel shall maintain physical custody and control of all materials provided by the Government pursuant to this order.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge