IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-047** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **TROY A. BEAM**, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 1st day of April, 2011, upon consideration of the motion in limine (Doc. 138) filed by defendant Troy A. Beam ("Beam"), wherein Beam requests that the court prohibit the government from offering evidence concerning the past criminal convictions of individuals other than Beam, including an individual named Eddie Kahn, and it appearing that Beam argues that evidence of such convictions is inadmissible hearsay pursuant to Rule 803(22) of the Federal Rules of Evidence,[1] and it further appearing that the government disavows an intention to offer evidence of past convictions—with one exception: evidence of the plea agreement and guilty plea of its own cooperating witness, Wayne Rebuck—but

---

[1] Beam contends that hearsay evidence of prior convictions is inadmissible except for the limited purpose set forth in Rule 803(22). Rule 803(22) provides that the following type of evidence is *not* excluded by the hearsay rule:

> Evidence of a final judgment . . . adjudging a person guilty of a [felony], to prove any fact essential to sustain the judgment, *but not including*, when offered by the Government in a criminal prosecution for purposes other than impeachment, *judgments against persons other than the accused*.

Fed. R. Evid. 803(22) (emphasis added).

that the government nevertheless asserts that Beam's motion in limine should be denied, and the court concluding that it must consider the purpose for which evidence of a prior conviction is offered, before it can determine whether the evidence falls within the exception set forth in Rule 803(22), or whether the evidence should be admitted or excluded on another basis, it is hereby ORDERED that the motion (Doc. 138) is DENIED, without prejudice to Beam's right to object to evidence that he believes to be improperly offered, in the context of trial.[2]

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[2] The government's brief in opposition to the pending motion also addresses the government's intention to offer evidence obtained through the execution of search warrants. (See Doc. 150 at 5-8). The court finds it unnecessary to address this issue at this juncture, as it is beyond the scope of Beam's motion in limine.