IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-047** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **TROY BEAM** | : | |

## ORDER

AND NOW, this 18th day of April, 2016, upon preliminary consideration of Troy Beam's ("Beam") *pro se* motion (Doc. 360) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, see id. § 2255(b); R. GOVERNING § 2255 CASES R. 4(b), filed March 2, 2016, wherein Beam advances six grounds for relief, to wit: (1) ineffective assistance of trial and appellate counsel for failing to argue that Beam's right to a speedy trial was violated, (Doc. 360 at 4; Doc. 361 at 3-5); (2) ineffective assistance of trial and appellate counsel due to conflicts of interest, (Doc. 360 at 5; Doc. 361 at 5-7); (3) ineffective assistance of counsel arising out of a conspiracy between Beam's trial, appellate, and post-trial counsel, (Doc. 360 at 6-7; Doc. 361 at 8, 14-19, 30-49); (4) ineffective assistance of trial and appellate counsel for failing to challenge the court's order of restitution, (Doc. 360 at 8-9; Doc. 361 at 8-10); (5) violation of Beam's Sixth Amendment right to trial by jury stemming from the court's determination of facts relevant to application of the Sentencing Guidelines to Beam's case, (Doc. 361 at 11-12); and (6) prosecutorial misconduct wherein "the Government illegally froze [Beam's] . . . family funds during pre-trial," (id. at 12), and further upon consideration of the order (Doc. 362) of court dated March 7, 2016, directing Beam to show cause why his motion should not be denied

on the basis of untimeliness, and of Beam's response (Doc. 364) thereto, wherein Beam asserts that he is entitled to statutory tolling "[u]nder 28 U.S.C. [§] 2255(f)(1), (f)(2), (f)(3) or (f)(4)" and equitable tolling, (id. at 1), and it appearing that the one-year statutory limitations period for filing a § 2255 petition begins to run on the latest of "(1) the date on which the judgment of conviction becomes final; (2) the date on which . . . [an] impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed . . . ; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(f), and the court noting that Beam's judgment of conviction became final on September 10, 2013—the date on which his time for filing a petition for certiorari review expired, (Doc. 362 at 1 n.1); see United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (quoting Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)); Sup. Ct. R. 13, and the court finding that under § 2255(f)(1), Beam's limitations period for filing a § 2255 motion expired September 10, 2014,[1] see 28 U.S.C. § 2255(f)(1), and the court observing that Beam asserts that the government impeded his § 2255 motion through its "lavish association" with

---

[1] Beam's motion (Doc. 324) for a new trial based on newly discovered evidence—filed May 5, 2014—did not toll the § 2255 limitations period. (Doc. 362 at 1 n.1); see United States v. Redd, 562 F.3d 309, 312-13 (5th Cir. 2009) (collecting cases); United States v. Snell, No. 14-3756, 2015 WL 1208056, at *2 n.6 (E.D. Pa. Mar. 17, 2015); cf. United States v. Bryant, 186 F. App'x 298, 300 (3d Cir. 2006) (nonprecedential).

defense counsel, which "has produced large fees for . . . counsel[] while simultaneously padding the [g]overnment's conviction statistics," (Doc. 364 at 4), culminating in the suppression of evidence material to Beam's defense, (see id.), and the court noting that Beam fails to demonstrate how this purported impediment prevented him from filing the motion *sub judice* on or before September 10, 2014, as otherwise required under § 2255(f)(1), and the court finding that § 2255(f)(2) is inapplicable herein, and the court observing that Beam argues without explanation that "the key date here is the date on which" the Supreme Court of the United States decided three enumerated cases, (Doc. 364 at 5), and the court noting that the first case which Beam cites, Woods v. Donald, 135 S. Ct. 1372 (2015), bears no relation to the instant matter, and that the subsequently cited cases, Hinton v. Alabama, 134 S. Ct. 1081 (2014), and Robers v. United States, 134 S. Ct. 1854 (2014), which also appear to be inapposite, were decided on February 14, 2014 and May 5, 2014, respectively, triggering limitations periods that would render Beam's motion untimely, and the court finding that § 2255(f)(3) is also inapplicable, and the court observing that Beam submits that § 2255(f)(4) tolls the limitations period until on or after May 15, 2015—the date the court denied (Doc. 348) Beam's motion for a new trial, (see Doc. 364 at 1-3), and contends that the court's memorandum opinion inceptively set forth the facts which undergird Beam's ineffective assistance of counsel claims, in particular his conflict of interest claim, (see id.), wherein Beam posits that trial and appellate counsel surreptitiously represented defendants in parallel tax fraud prosecutions without informing Beam thereof, (see Doc. 360 at 5; Doc. 361 at 5-7), and the court noting that the facts which

support Beam's first and fourth ineffective assistance claims—those regarding Beam's speedy trial right and the court's order of restitution—were discoverable immediately thereupon, (see Doc. 360 at 4, 8-9; Doc. 361 at 3-5, 8-10), and that, with respect to Beam's second and third ineffective assistance claims—those concerning counsel's conflicts of interest and counsel's alleged conspiracy to "deceive their client[s] into committing criminal conduct for which they can extract enormous representation fees," (Doc. 361 at 8), Beam's supporting papers reveal that Beam could have discovered all pertinent facts prior to September 10, 2013 through the exercise of due diligence, to wit: *first*, Beam tenders an affidavit in which he states that, in June 2013, he learned that appellate counsel served as "the lead attorney in the Bitterman case, labeled as a 'sister case' to my case . . . . [and that trial counsel] was representing one of the Bitterman defendants," (Doc. 361 at 16-17); *second*, Beam submits an email sent to appellate counsel on July 29, 2013, wherein Beam requests "all the motions you filed in the Bitterman's [sic] case" and all relevant discovery materials therein, (Doc. 364 at 10); and *third*, Beam proffers materials printed from various and sundry websites which portray trial and post-trial counsel as seeking out and "scam[ming]" clients charged with tax evasion, dated July 15, 2002, (Doc. 361 at 32), and October 25, 2009, (id. at 44), and the court finding that § 2255(f)(4) is inapplicable herein, and the court concluding that Beam is not entitled to statutory tolling, and it appearing that equitable tolling is permitted when a petitioner demonstrates that (1) he has exercised reasonable diligence in pursuing his claims; and (2) " 'some extraordinary circumstance stood in his way' and prevented him from timely filing," Holland v. Florida, 560 U.S. 631, 649 (2010)

4

(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998), and that incorrect advice from counsel regarding filing deadlines, without more, typically does not constitute an extraordinary circumstance, see Lawrence v. Florida, 549 U.S. 327, 336-37 (2007); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002); Evans v. York Cty. Dep't of Prob. & Parole, No. 3:14-CV-2333, 2015 WL 5099278, at *5-7 (M.D. Pa. Aug. 31, 2015) (collecting cases); cf. Maples v. Thomas, 132 S. Ct. 912, 923, (2012); Holland, 560 U.S. at 652-53, as the "mistakes of counsel are constructively attributable to the client, at least in the postconviction context," Holland, 560 U.S. at 655 (citing Lawrence, 549 U.S. at 336), whereas circumstances involving effective abandonment, deliberate misrepresentation, or malfeasance by counsel are repeatedly deemed extraordinary, see Maples, 132 S. Ct. at 923; Schlueter v. Varner, 384 F.3d 69, 76-77 (3d Cir. 2004), and the court recognizing that Beam states that post-trial counsel indicated that Beam "would still be able to file a [§] 2255 motion" following disposition of his motion for a new trial, (Doc. 364 at 21), and the court finding that counsel's erroneous advice in the matter *sub judice* does not rise to the level of extraordinary circumstances, and that Beam was not thereby prevented

from filing a § 2255 petition, and the court concluding that Beam is not entitled to equitable tolling, is it is hereby ORDERED that:

1. Beam's motion (Doc. 360) under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED. <u>See</u> 28 U.S.C. § 2253(c).

                                              <u>/S/ CHRISTOPHER C. CONNER</u>
                                              Christopher C. Conner, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania