IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-047** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **TROY BEAM** | : | |

## ORDER

AND NOW, this 25th day of April, 2016, upon consideration of the motion (Doc. 367) for reconsideration filed by *pro se* petitioner Troy Beam ("Beam"), wherein Beam seeks reconsideration of the order (Doc. 366) of court denying Beam's motion (Doc. 360) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on the basis of untimeliness, and the court noting that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (nonprecedential); Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.), aff'd, 31 F.3d 1175 (3d Cir. 1994), and it appearing that the instant motion merely repeats arguments addressed in the preceding order, (compare Doc. 367 at 2, with Doc. 366 at 4-6), and that the court concluded therein that the erroneous advice provided by Beam's counsel "does not

rise to the level of extraordinary circumstances" which would entitle Beam to equitable tolling, (Doc. 366 at 5-6), it is hereby ORDERED that the motion (Doc. 367) is DENIED.

          /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania